W. D. Bradley v. Commissioner.
Bradley v. Commissioner
Docket No. 56419.
United States Tax Court
T.C. Memo 1956-189; 1956 Tax Ct. Memo LEXIS 104; 15 T.C.M. (CCH) 1001; T.C.M. (RIA) 56189; August 17, 1956
*104 Held, the losses sustained by petitioner in 1948 as the result of the uncollectibility of amounts which he had advanced to two corporations constituted nonbusiness bad debts. W. D. Bradley, Hagan, Ga., pro se. Frederick T. Carney, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion This proceeding involves deficiencies in income tax determined against W. D. Bradley (hereinafter referred to as petitioner) in the amounts of $4,812.13 and $246.14 for the years 1946 and 1947, respectively. The sole issue to be decided is whether petitioner is entitled to deduct in full certain losses which he sustained as the result of the uncollectibility of amounts which he had advanced to two corporations. Some of the facts were stipulated. Findings of Fact The stipulated facts are so found and are incorporated herein by this reference. Petitioner is an individual residing in Hagan, Georgia. He filed individual income tax returns for the calendar years 1946, 1947, and 1948 with the then collector of internal revenue for the district of Georgia. In 1906, at the age of 15, petitioner started to work in his father's tie and timber business. During *105 subsequent periods of his business career, he has been both an employee and employer, having engaged in, at various times, such business ventures as the operation of saw mills, the operation of jitney busses, a produce business, and a dry kiln and planing mill. From 1942 until 1946, petitioner was engaged in the business of cutting timber for piling. In 1948, petitioner, his son, W. D. Bradley, Jr., and W. H. Dowling organized three corporations in the State of Florida for the purpose of engaging in various aspects of the timber business. The Florida Pine Lumber Mfg. Co., Inc., was organized on January 1, 1948, for the purpose of sawing, dressing, and selling lumber; the Florida Logging and Contracting Co., Inc., on February 2, 1948, for the purpose of cutting and hauling logs to a saw mill; and the Putman Land and Timber Co., Inc., on February 6, 1948, for the purpose of purchasing timber rights. The business was organized into three separate corporations so that the stockholders could determine whether or not each of the operations was profitable. Each of the aforementioned organizers was an officer in each corporation and contributed one-third of the $5,001 capitalization of *106 each corporation. In addition, each of them contributed the use of certain equipment, such as trucks, tractors, a planing mill, and a power unit. Sometime after the corporations were organized, petitioner and the other stockholders each made additional contributions of some $3,000 or $4,000 to be used by the corporations as working capital. Even after these additions to capital, the business required more money to operate. Petitioner subsequently advanced to the Florida Pine Lumber Mfg. Co., Inc., various amounts aggregating $18,102.29, and the sum of $19 to the Florida Logging and Contracting Co., Inc., for payrolls and other expenses. The corporations encountered financial reverses from the very beginning and no salaries were ever paid to the officers and there were never any distributions of profits. The amounts owed petitioner by the corporations became worthless during the taxable year 1948. On August 31, 1948, the Putman Land and Timber Co., Inc., was liquidated and each stockholder received $1,250.19 as a return on his original investment. The Florida Logging and Contracting Co., Inc., was liquidated on September 3, 1948, with no distribution of capital to its stockholders. *107 In 1949, the Florida Pine Lumber Mfg. Co., Inc., was also liquidated, and here also there was no distribution of capital to the stockholders. Petitioner's only investments were in businesses in which he was actively interested as owner, part owner, or manager. He was never engaged in the business of organizing, lending to, or financing corporations or other businesses. On his income tax return for the calendar year 1948, petitioner claimed bad debt losses aggregating $18,121.29 with respect to the aforementioned loans which had become worthless during that year. This deduction resulted in a net operating loss for the year 1948, and, after the carry-back of such net operating loss to the years 1946 and 1947, income tax refunds were made to petitioner for these latter two years. Respondent has now determined that the aforementioned loans resulted in nonbusiness bad debts and, as such, are to be treated as short term capital losses. Accordingly, he has determined that petitioner is not entitled to the net operating loss carry-back which was originally allowed for the years 1946 and 1947 and that there are now deficiencies in income tax for such years. The loans made by petitioner *108 to the Florida Pine Lumber Mfg. Co., Inc., and the Florida Logging and Contracting Co., Inc., were nonbusiness bad debts. Opinion RICE, Judge: We must decide whether petitioner is entitled to deduct in full on his return for 1948 the losses which he sustained during that year as the result of the uncollectibility of various advances to two corporations which he had helped organize and operate. Petitioner was not represented by counsel at the hearing, nor did he file a brief. However, he has submitted various informal memoranda regarding the cases upon which he relies. We have given careful consideration to the record and to each of the cases cited by petitioner and are convinced that respondent's determination is correct. Petitioner was not in the business of lending money or organizing and financing corporations. ; . He was not engaged in any business to which these losses can be attributed, for the business of a corporation cannot be treated as that of its stockholder or officer. . Consequently, the debts upon which petitioner *109 failed to recover must be considered as nonbusiness bad debts. ; ; . Decision will be entered for the respondent.